plaintiff and his sureties for costs, see Bowne v. Arbuncle, Case No. 1,742.

[If the conveyance is bona fide, though induced by the belief of the grantor that the federal court will decide differently from the state court, the jurisdiction will be sustained. McDonald v. Smalley, 1 Pet. (26 U. S.) 620; Smith v. Kernochen, 7 How. (48 U. S.) 198; Briggs v. French, Case No. 1,871; Jones v. League, 18 How. (59 U. S.) 76. The bona fides is essential. Smith v. Kernochen, supra; Jones v. League, supra; Welles v. Newberry. Case No. 17,378; Starling v. Hawks. Id. 13,311; Hurst v. McNeil, Id. 6,936; Maxfield v. Levy. Id. 9,321. But see Browne v. Browne, Id. 2,035; Briggs v. French, supra.]

BROWN (ARDEN v.). See Case No. 510.

BROWN (ARMSTRONG v.). See Case No. 542.

## Case No. 1,991.

### BROWN v. BARRETT.

[Cited in Bentley v. Phelps, Case No. 1,332. Nowhere reported; opinion not now accessible.]

BROWN (BLANCHARD v.). See Case No. 1,507.

BROWN (BOWNE v.). See Case No. 1,743.

BROWN (BOYD v.). See Case No. 1,747.

## Case No. 1,992.

### BROWN v. The BRADISH JOHNSON.

[1 Woods, 301.][1]

Circuit Court, D. Louisiana. Nov. Term, 1873.

SEAMEN—INJURY IN SERVICE OF SHIP—WAGES.

A mariner who is injured in the service of the ship is entitled to be cured at the expense of the ship although no one is in fault, but he cannot recover damages in the nature of extra wages unless there has been some carelessness or other fault on the part of the officers of the ship.

[Cited in The Guiding Star, 1 Fed. 349; The A. Heaton, 43 Fed. 596.]

[See note at end of case.]

[Appeal from the circuit court of the United States for the district of Louisiana.]

In admiralty.

Richard De Gray, for libellant.

B. Egan, for claimant.

WOODS, Circuit Judge. This libel is brought to recover damages in the nature of extra wages for an injury received by the libellant while in the service of the steamer through the carelessness of the master.

After a careful reading of the evidence in this case, I cannot see that there was any carelessness on the part of the master of the steamer. The libellant was hurt by an accident liable to happen to him without the fault of any one. This is one of the risks of his occupation for which he is paid. If injured while in the service of the vessel and in the discharge of his duty, he is entitled to

be cured at the expense of the ship, even where no fault is to be attributed to any one. Harden v. Gordon [Case No. 6,047]; Reed v. Canfield [Id. 11,641]. But he cannot recover damages unless there has been some fault on the part of the officer of the boat. As this suit is for damages and no fault is shown, the libellant's case is not made out. The libel is therefore dismissed at libellant's costs.

[NOTE. The right to be cured at the expense of the ship for hurts or wounds received, or sickness contracted, in the ship's service, is well established by the maritime law. Brown v. Overton, Case No. 2,024; The City of Alexandria, 17 Fed. 390; Peterson v. The Chandos, 4 Fed. 651; Reed v. Canfield, Case No. 11,-641; The Ben Flint, Id. 1,299; Ringgold v. Crocker, Id. 11,8.3; Myers v. The Lizzie Hopkins, Id. 9,993; Tomlinson v. Hewett, Id. 14,-087; The W. L. White, 25 Fed. 503; The Vigilant, 30 Fed. 288; Brown v. The D. S. Cage, Case No. 2,002; The Governor Ames, 55 Fed. 327. This right is not confined to seamen proper, but will extend to a fireman on a steamer (The North America. Case No. 10,314), or one fishing on shares (Knight v. Parsons, Id. 7,886). It is immaterial that the sickness is contracted in the home port. Reed v. Canfield, supra. But a seaman is not entitled to an allowance if he has incurred no expense (The Cortes, Id. 3,258; The Centennial, 10 Fed. 397), nor if he has refused suitable treatment at the ship's expense, and personally made other arrangements for his treatment (Richardson v. The Juliette, Case No. 11,784; Brunent v. Taber, Id. 2,054).

[Injury in the "service of the ship" in this connection includes hurts received in executing improper orders, wrongful punishment by an officer (Ringgold v. Crocker, supra), or a wound accidentally self-inflicted while engaged in quelling a disturbance on board (Callon v. Williams, Case No. 2,324).]

BROWN (BRIDGE v.). See Cases Nos. 1,-857 and 1,858.

BROWN v. BRIDGES. See Case No. 1,862.

BROWN (BROOK v.). See Case No. 1,931.

## Case No. 1,993.

### BROWN v. BROWN.

[Cited in Peck v. Pease, Case No. 10,894. Nowhere reported; opinion not now accessible.]

## Case No. 1,994.

### BROWN v. BROWN et al.

[1 Woodb. & M. 325.][1]

Circuit Court, D. Rhode Island. June Term, 1846.

DEED—CONVEYANCE TO GRANTOR'S SON — DELIVERY TO THIRD PERSON — FAILURE TO RECORD—EFFECT.

1. Where a father conveyed land to his son for services and affection, and took back a lease for life, but did not wish to have them recorded till after his death, in order to keep the knowledge of them from his wife and the public, the deed was held to be well delivered, though

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]